DAWKINS *et al. v.* FEDERAL LAND BANK OF NEW ORLEANS.

(Division B.  May 28, 1934.)

[155 So. 166.  No. 31284.]

**Daniel & Greene,** of Starkville, for appellants.

**Will E. Ward,** of Starkville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment in favor of the appellee in a suit brought by the appellants to recover a statutory penalty of fifty dollars and twenty-five dollars actual damages, because of the failure of the Federal Land Bank of New Orleans, appellee here, to cancel a deed of trust of record after written notice so to do under section 2155, Code 1930, reading as follows:

"Any mortgagee or cestui que trust, or the assignee of any mortgagee or cestui que trust, of real or personal estate, having received full payment of the money due by the mortgage or deed of trust, shall enter satisfaction upon the margin of the record of the mortgage or deed

of trust, which entry shall be attested by the clerk of the chancery court and discharge and release the same, and shall bar all actions or suits brought thereon, and the title shall thereby revest in the grantor. And if such mortgagee or cestui que trust, or such assignee, by himself or his attorney, shall not, within one month after request, cancel on the record the said mortgage or deed of trust the beneficiary shall forfeit the sum of fifty dollars, which can be recovered by suit on part of the party aggrieved, and if after request, he fails or refuses to make such acknowledgment of satisfaction, the person so neglecting or refusing shall forfeit and pay to the party aggrieved any sum not exceeding the mortgage money, to be recovered by action; but such entry of satisfaction may be made by any one authorized to do it by the written authorization of the mortgagee or beneficiary, and shall have the same effect as if done by the mortgagee or beneficiary.''

The case originated in a justice of the peace court where judgment was rendered in favor of the appellants. The facts are that R. E. Dawkins, the father of the appellants, during his lifetime, gave the Federal Land Bank of New Orleans a deed of trust on lands in Oktibbeha and Winston counties, Mississippi, which mortgage was recorded in each of these counties. After his death, the appellants paid the debt on December 5, 1932, and the note and mortgage were returned to the appellants. An order for cancellation was sent to the Sturgis National Farm Loan Association, at Sturgis, Mississippi, accompanied by a check for a sufficient amount to pay for the cancellation in Oktibbeha county where the Sturgis National Farm Loan Association was domiciled, it being the instrumentality through which loans could be procured under the federal law upon that subject. The records in Oktibbeha county were canceled as to this mortgage, but the records in Winston county were not marked ''satisfied'' or canceled. There was also a farm loan associa-

tion, similar to the Sturgis National Farm Loan Associa-
tion, in Louisville, Winston county, Mississippi, from
which loans could be procured, and one of the appellants
went to the Sturgis office and requested that office to
write to the Federal Land Bank at New Orleans to have
the Winston county mortgage marked "satisfied," and
then also went to Louisville, Mississippi, and made an
effort to have this done, but could not do so, and he had
the Louisville office also write the Federal Land Bank
at New Orleans, furnishing postage, etc., to have the
Winston county mortgage canceled, but same was not
done.

On June 5, 1933, the appellants wrote to the Federal
Land Bank of New Orleans a letter as follows:

"I am writing you in regard of the R. E. Dawkins
land. I paid it out last November and you mailed me the
note on Dec. 5, 1932, and I was at Louisville last week and
it is still on record have not been cancelled and I wish
you would please tend to that at once and get it off
for I have the note stamped paid in full and it has not
been canceled and I want that done at once and please
see to that at once and I remain,

"As ever yours truly,

"W. C. DAWKINS."

On June 9, 1933, said letter was answered as follows:

"In response to your letter of June 5th, we wish to
advise that the note, trust deed and abstract in connec-
tion with the above loan (R E Dawkins, Sturgis, NFLA
#4157) were sent forward to you on December 5th and
order of cancellation to satisfy the trust deed of record
was sent forward to the Sturgis National Farm Loan
Association. c/o Mr. Herman Hunt, secretary-treasurer
on the same day. We, therefore, suggest that you get in
touch with Mr. Hunt in reference to this matter and we
feel sure that he will explain the same fully to your
satisfaction.

"Yours very truly,

"F R ANSELMENT."

On June 22, 1933, the Federal Land Bank of New Orleans wrote to the Sturgis National Farm Loan Association, as follows:

"This will acknowledge receipt of your letter of June 12, advising us that the mortgage executed to this bank in connection with the above loan (R E Dawkins, Sturgis, #4157) is still outstanding on the records of Winston county, and requesting that we forward you check to cover cost of canceling same. In response to your request, we are attaching hereto check in the amount of one dollar and twenty-five cents, and we will thank you to have this instrument properly satisfied of record in Winston county. However, if you are some little distance from Louisville, and do not care to make the trip for this purpose, we suggest that you forward it to the Winston County National Farm Loan Association in care of Mrs. E. W. Boydston, secretary-treasurer, as Mrs. Boydston has advised us that she will take care of this matter for us.

"Very sincerely yours,

"F R ANSELMENT, Attorney."

On July 12, 1933, the chancery clerk of Winston county certified that the deed of trust on lands involved in that county had not been canceled.

The appellants testified that W. O. Dawkins went to Louisville to look after the cancellation, and that same could not be done without an order from the Federal Land Bank of New Orleans, and that this trip cost him twenty-five dollars.

The manager of the Sturgis National Farm Loan Association testified that he received the notice of cancellation accompanied by a check, and that he canceled the deed of trust in Oktibbeha county, but did not cancel the one in Winston county after he received the letter from the Federal Land Bank of New Orleans above set forth, because W. O. Dawkins requested him to wait, stating that the local bank had a deed of trust on one of the

brother's interest in the property, and that the bank would jump on the property as soon as the cancellation was made.

This was denied by W. O. Dawkins, and he proved the statements outside of court by the agent of the Sturgis National Farm Loan Association to the effect that he only received such authorization and check after this suit was instituted.

In the circuit court, at the conclusion of the evidence, there was a directed verdict in favor of the Federal Land Bank of New Orleans, from which this appeal is prosecuted.

We think, on the evidence, that it was a question for the jury to decide. If the testimony of the representative of the Sturgis National Farm Loan Association is true, then he was requested not to cancel the Winston county records by the appellants, and then, of course, there would be no liability for failure to so cancel. If, however, there was no such request, and if the testimony for the appellants be true, they would, at least, be entitled to a judgment for the actual damages. They would also be entitled to the statutory penalty, if the jury believe, from the evidence, that the failure to cancel was the result of gross negligence and inattention to the matter on the part of the Federal Land Bank.

It will be noted from the letter of the Federal Land Bank to the Sturgis National Farm Loan Association, above set out, that said Federal Land Bank had arranged with its representative at Louisville to cancel if it was not convenient for it to be done from the Sturgis office.

Whether the appellee should have sent the authority direct to its representative at Louisville, Mississippi, or to the clerk of the chancery court, should also be considered on a retrial of this cause.

For the errors indicated, the judgment of the court below will be reversed and the cause remanded for a new trial.

Reversed and remanded.